# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>E. JARVIS, et al.,<br><br>          Defendants. | Case No. 1:13-cv-01197 LJO DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Andre L. Revis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action in the Kings County Superior Court on April 16, 2013. On July 29, 2013, Defendants C. Barnett, T. Campbell, K. Cribbs, D. Hernandez, E. Jarvis, S. Johnson and S. Torres paid the filing fee and removed the action to this Court. Plaintiff also names R. Davis as a Defendant, though it is unclear whether Davis was served with the complaint during the state proceeding.

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issued occurred.  Though somewhat difficult to fully comprehend, it appears that Plaintiff's allegations arise from missing property and the related administrative appeals.

On December 15, 2010, Plaintiff was presented with a CDCR 1083 (Inmate Property Inventory Receipt) form but he refused to sign it because of the discrepancies.

On August 5, 2011, Plaintiff was presented with another CDCR 1083.  Plaintiff requested that the excess property identified by the 1083 be mailed to an address that he provided.

On August 10, 2011, Plaintiff filed a 602, attempting to recover personal property after custodial staff allegedly failed to adequately list Plaintiff's property on the August 5, 2011, CDCR 1083 form.

Plaintiff contends that Defendant Barnett inappropriately rejected his grievance on both August 25, 2011, and September 21, 2011.

On October 12, 2011, Plaintiff's grievance was again cancelled for failure to follow instructions and attach requested documentation.  Plaintiff resubmitted the appeal on November 26, 2011, and again on December 12, 2011, and was warned for abuse of the appeal system.

Plaintiff submitted an appeal dated November 14, 2011, "on behalf of the cancellation of the appeal/grievance dated August 10, 2011."  Compl. 8.

Plaintiff alleges that on November 14, 2011, his 602 was inappropriately cancelled for failure to meet time constraints.  He contends that the cancellation was biased, prejudicial and arbitrary.

On November 22, 2011, Plaintiff filed another 602 related to the property problem.  He filed a request for interview on December 7, 2011, noting that funds were removed from his inmate trust account to pay for forwarding the property.

On December 14, 2011, staff replied to the request for interview and told him that his personal property was mailed out on August 15, 2011 and provided a Fex Ex log number.

On December 19, 2011, Plaintiff's 602 was cancelled due to failure to meet time constraints.  Plaintiff appears to argue that the time limits should have been stayed.

On February 11, 2012, Defendant Hernandez responded at the Second Level and told him that per Fex Ex, the property was delivered on August 22, 2011.  Plaintiff alleges that Defendant Johnson "failed to meet the levels of correctional protocol in order to eradicate the problem(s)."  Comp. 12.

On February 21, 2012, Plaintiff alleges that Defendant Barnett "claimed" that an interview took place concerning the matter, and that Plaintiff provided no further information beyond the original appeal "dated August 10, 2011, concerning personal property issues with custodial staff." Compl. 8.

On May 16, 2012, Plaintiff received a response at the Third Level. He contends that the decision was inadequate and/or inconsistent because he provided a mailing address of an individual willing to accept the property. Plaintiff contends that Defendant Davis, who reviewed his appeal, "clearly rubber stamped" the appeal without conducting a thorough investigation.

Plaintiff alleges that Defendant Torres' August 25, 2011, rejection notice was without merit, and that Defendant Campbell's September 21, 2011, rejection was without merit and retaliatory. Plaintiff attached documentation and made corrections. He further contends that Defendant Cribb's October 21, 2011, cancellation was biased and discriminatory. Defendant Jarvis never acknowledged "any of the previous entitled postscript(s) noted and/or any of the attached/added documentation." Defendant Barnett "systematically" took retaliatory measures on December 12, 2011, outside of the scope of the California Code of Regulations. Plaintiff contends that this resulted "in the total loss/misfortune with Plaintiff's personal property." Compl. 9.

Plaintiff contends that Defendants Davis, Johnson, Hernandez and Does "acted bias negligently and retaliatory prejudicially reckless" by failing to "act as reasonably competent facility administrators." Compl. 13. Plaintiff contends that he suffered a "significant loss" of non-replaceable personal property as a result. Compl. 13.

Plaintiff alleges that Defendants Barnett, Campbell, Cribbs, Torres, Jarvis and Does acted with "malicious deliberate indifference towards Plaintiff's civil liberty(ies)/due process guarantees." Compl. 14. As a result, Plaintiff contends that he suffered violations of the Eighth and Fourteenth Amendments.

**C.   DISCUSSION**

    1.   Rule 8

As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Similarly, Plaintiff's claims must be facially plausible to survive screening.  This requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's complaint falls short under Rule 8.  Although he attempts to set out the details of his numerous appeals, he does not include sufficient facts to support his contention that his constitutional rights were violated.  For example, although Plaintiff concludes that his due process rights were violated, or that Defendants took retaliatory action, he does not support this with any facts.  Plaintiff includes numerous exhibits, but the Court will not sift through the exhibits in an attempt to clarify his claims.

Plaintiff's complaint therefore fails to state a claim for which relief can be granted under Rule 8.  If Plaintiff amends, he must keep the following standards in mind.

2. Fourteenth Amendment

a. *Inmate Appeals Process*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Moreover, in general, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

Plaintiff's main contention appears to be that Defendants, all of whom made decisions on his various appeals, improperly cancelled, rejected or denied his appeals. However, Plaintiff does not have a due process right with respect to the way in which his appeals were handled.

Insofar as Plaintiff suggests that Defendants were aware of a constitutional violation but failed to remedy it, he provides no facts to support such a contention.

    b. *Deprivation of Property*

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

Plaintiff does not appear to allege a deprivation of property without due process, as his claims seem to relate mainly to the appeals process. Nonetheless, to the extent that Plaintiff believes that he was deprived of his property without due process, his scant factual allegations do not support such a finding. Plaintiff disputes Defendants' claim that Fed Ex delivered his property, but his disagreement as to whether or not his property was delivered does not implicate due process concerns. Plaintiff does not allege that Defendants lacked authority to limit his personal property,

6

nor does he allege that he was denied procedural protections to which he was *actually* due under the Constitution.

### 3. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges, without factual explanation, that Defendants acted with deliberate indifference. To the extent he suggests that their decisions in his appeals violate the Eighth Amendment, he is incorrect. That Plaintiff's excess property may not have reached its ultimate destination does not rise to the level of a condition that is "devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society..."

1 Morgan, 465 F.3d at 1045.

### 4. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In his complaint, Plaintiff alleges retaliation without supporting facts, and it is therefore unclear whether he intends to allege a First Amendment retaliation claim. The Court provides the above standard for Plaintiff's information should he chooses to amend.

### D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint if he believes that he can, in good faith, correct the deficiencies identified above. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693

F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **February 7, 2014**              /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE