1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRE L. REVIS,                          Case No. 1:13-cv-01197 LJO DLB PC

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF FIRST
13        v.                                    AMENDED COMPLAINT WITHOUT
                                                LEAVE TO AMEND
14    E. JARVIS, et al.,
                                                **THIRTY-DAY OBJECTION DEADLINE**
15              Defendants.

16

17         Plaintiff Andre L. Revis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

18    action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action in the Kings County Superior Court

19    on April 16, 2013.  On July 29, 2013, Defendants C. Barnett, T. Campbell, K. Cribbs, D. Hernandez,

20    E. Jarvis, S. Johnson and S. Torres paid the filing fee and removed the action to this Court.

21         On February 7, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to

22    amend.  Plaintiff filed his First Amended Complaint on March 3, 2014.  He names R. Davis, S.

23    Johnson, D.R. Hernandez, C. Barnett, T. Campbell, K. Cribbs, S. Torres and John/Dane Doe as

24    Defendants.

25    **A.    SCREENING REQUIREMENT**

26         The Court is required to screen complaints brought by prisoners seeking relief against a

27    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                                1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C.

3   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

4   the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

5   fails to state a claim upon which relief may be granted."  28 U.S.C.

6   § 1915(e)(2)(B)(ii).

7        A complaint must contain "a short and plain statement of the claim showing that the pleader

8   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

10   do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

11   550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

12   'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

13   allegations are accepted as true, legal conclusions are not.  Id.

14        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

15   federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

16   (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

17   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

18   omissions of each named defendant to a violation of his rights; there is no respondeat superior

19   liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

20   1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

21   Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

22   for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

23   The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

24   at 678; Moss, 572 F.3d at 969.

25

26

27

28

1    **B.**      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

2          Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in

3    Corcoran, California, where the events at issued occurred.

4          On January 3, 2011, Plaintiff was instructed to sign the Property Inventory Receipt.  He

5    signed the form under duress so that he could receive necessities and health care items.

6          On August 5, 2011, Plaintiff was given another property form.  He requested that his excess

7    personal property be mailed to an address he provided.

8          On August 11, 2011, Plaintiff attempted to recover his personal property after custody staff

9    failed to adequately list his personal property.  Plaintiff refused to sign the property inventory

10   receipt.

11         On August 25 and September 21, 2011, Defendant Torres responded to Plaintiff's appeal by

12   attaching a rejection notice.  Plaintiff contends that he made the necessary corrections, but his appeal

13   was cancelled on October 12, 2011, by Defendant Cribbs.

14         On October 12, 2011, Plaintiff received a systematic appeal cancellation notice for failure to

15   follow instructions.

16         On November 14, 2011, Plaintiff filed an inmate appeal relating to his property disposition.

17   The appeal was screened out arbitrarily.

18         On November 22, 2011, Plaintiff field another appeal related to the disposition of his

19   property.

20         Plaintiff made the stated changes and refiled the appeal on November 26, 2011, and again on

21   December 12, 2011.  Plaintiff was warned of appeal system abuse and he filed another appeal.

22         On December 14, 2011, Plaintiff received a response indicating that his personal property

23   was mailed out to the provided address.

24         On December 19, 2011, the appeal was cancelled for failure to meet the time constraints.

25   Plaintiff contends that the screeners failed to read Plaintiff's notes.

26         On February 11, 2012, Plaintiff received a Second Level response from Defendant

27   Hernandez providing information from Federal Express.  The information indicated that Plaintiff's

28   property was delivered on August 22, 2011.

3

1     On February 12, 2012, Defendant Barnett claimed that he interviewed Plaintiff.  Plaintiff

2  alleges that Defendant Barnett inappropriately rejected the appeal even though Plaintiff provided all

3  documentation.

4     After numerous appeals, Defendants never gave Plaintiff's property claims any

5  consideration.  He believes that Defendants conspired against him, resulting in the loss of his

6  personal property.  Plaintiff also contends that CDCR had a responsibility to ensure that Federal

7  Express picked up and delivered Plaintiff's property to the requested address.  Plaintiff states that the

8  property was never delivered.  Plaintiff believes that prison administrators should be held fully

9  responsible for the lost personal property.

10     Plaintiff contends that Defendants Davis, Johnson and Hernandez "acted bias negligently,

11  unprofessionally and retaliatory prejudicially reckless in collaboration/corroboration."  ECF No. 10,

12  at 17.

13     Plaintiff alleges that Defendants Barnett, Campbell, Cribbs, Torres, Jarvis and Does acted

14  with "malicious deliberate indifference towards Plaintiff's contractual liberty interest and due

15  process guarantees."  ECF No. 10, at 18.

16     As a result, Plaintiff contends that he suffered violations of the First, Eighth and Fourteenth

17  Amendments.

18  **C.     DISCUSSION**

19          1.     Fourteenth Amendment

20                 a.     *Inmate Appeals Process*

21     "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of

22  life, liberty, or property; and those who seek to invoke its procedural protection must establish that

23  one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

24  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he

25  cannot pursue a claim for denial of due process with respect to the handling or resolution of his

26  appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d

27  639, 640 (9th Cir. 1988)).

28

1    Moreover, in general, denying a prisoner's administrative appeal does not cause or contribute

2  to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks

3  omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional

4  violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006),

5  there may be limited circumstances in which those involved in reviewing an inmate appeal can be

6  held liable under section 1983.  That circumstance has not been presented here.

7    The Court explained to Plaintiff in the prior screening order that he does not have a due

8  process right with respect to the way in which his appeals were handled.  Therefore, to the extent

9  that Plaintiff continues to allege that Defendants wrongfully cancelled his appeals, arbitrarily

10  screened out his appeals and/or inappropriately rejected his appeals, he does not state a claim.  Even

11  if Plaintiff disagrees with the outcome of his appeals, his disagreement does not rise to the level of a

12  constitutional violation.  The existence of an administrative remedy process does not create any

13  substantive rights and cannot support a claim for relief for violation of a constitutional right.

14  Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

15    Insofar as Plaintiff suggests that Defendants were aware of a constitutional violation but

16  failed to remedy it, he provides no facts to support such a contention.

17                b.      *Deprivation of Property*

18    The Due Process Clause of the Fourteenth Amendment of the United States Constitution

19  protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell,

20  418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal

21  property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of

22  property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532,

23  n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due

24  Process Clause is violated only when the agency "prescribes and enforces forfeitures of property

25  without underlying statutory authority and competent procedural protections," Nevada Dept. of

26  Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083,

27  1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

28

1       Here, Plaintiff believes that Defendants are responsible for the alleged loss of his personal

2   property.  He alleges that even though Defendants told him that Federal Express shipped his excess

3   property to the address he provided, the property was never delivered.  However, as the Court

4   explained in the prior screening order, Plaintiff's claims do not implicate due process concerns

5   because the Due Process Clause is not violated by the random, unauthorized deprivation of property

6   so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517,

7   533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an

8   adequate post-deprivation remedy under California law and therefore, he may not pursue a due

9   process claim arising out of the alleged loss of his personal property.  Barnett, 31 F.3d at 816-17

10  (citing Cal. Gov't Code §§810-895).

11      Plaintiff therefore fails to state a claim under the Fourteenth Amendment.

12          2.      Eighth Amendment

13      The Eighth Amendment's prohibition against cruel and unusual punishment protects

14  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

15  confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

16  Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101

17  S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often

18  are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.

19  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus,

20  conditions which are devoid of legitimate penological purpose or contrary to evolving standards of

21  decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465

22  F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct.

23  2508 (2002); Rhodes, 452 U.S. at 346.

24      Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

25  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

26  2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

27  prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To

28  maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately

6

1  indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847;

2  Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14

3  (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d

4  1124, 1128 (9th Cir. 1998).

5          Plaintiff's allegations continue to be deficient to state a claim.  To the extent Plaintiff

6  suggests that Defendants' decisions on his appeals violate the Eighth Amendment, he is incorrect.

7  Moreover, that Plaintiff's excess property may not have reached its ultimate destination does not rise

8  to the level of a condition that is "devoid of legitimate penological purpose or contrary to evolving

9  standards of decency that mark the progress of a maturing society..."  Morgan, 465 F.3d at 1045.

10         Plaintiff fails to state a claim under the Eighth Amendment.

11         3.     First Amendment Retaliation

12         Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

13 the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th

14 Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

15 Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

16 "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:

17 (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

18 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

19 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

20 Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d

21 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.

22 2009).

23         In the prior screening order, the Court explained that although Plaintiff alleged retaliation, he

24 did not provide supporting facts.  In amending, Plaintiff has again failed to provide facts sufficient to

25 state a retaliation claim.

26         To the extent that Plaintiff alleges a violation of the First Amendment based on his belief that

27 he was denied access to the prison grievance procedure, he does not state a claim.  Plaintiff was not

28 denied access to the appeals process- he simply disagreed with the outcomes of his appeals.  Because

1   there is no constitutionally protected right to a prison grievance process, the handling of Plaintiff's

2   grievances does not state a claim interference with Plaintiff's right to seek redress, <u>Lewis v. Casey</u>,

3   518 U.S. 343 (1996); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).

4   Plaintiff therefore fails to state a claim under the First Amendment.

5   **D.      RECOMMENDATION**

6          Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

7   section 1983.  The Court previously provided Plaintiff with an opportunity to amend and based on

8   the nature of the deficiencies at issue, further leave to amend would be futile.  <u>Akhtar v. Mesa</u>, 698

9   F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

10          Based on the foregoing, the Court HEREBY RECOMMENDS dismissal of this action for

11   failure to state a claim for which relief may be granted.

12          These Findings and Recommendations will be submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

14   days after being served with these Findings and Recommendations, Plaintiff may file written

15   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

16   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

17   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

18   1153 (9th Cir. 1991).

19

20   IT IS SO ORDERED.

21      Dated:   **August 13, 2014**                          /s/ *Dennis L. Beck*

22                                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28